**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**PHILLIP L. HATTON,
ADC #121963**                                                                          **PLAINTIFF**

**V.**                         **CASE NO. 5:19-CV-350-BSM-BD**

**ESTELLA BLAND,** *et al*.                                                **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.   Procedures for Filing Objections:**

This Recommendation has been sent to Judge Brian S. Miller. Any party may file written objections to this Recommendation if they disagree with its findings or conclusions. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, all objections must be received in the office of the Court Clerk within 14 days. And, if no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, the parties may waive the right to appeal questions of fact.

**II.   Discussion:**

A.   Background

Plaintiff Phillip L. Hatton, an Arkansas Division of Correction (ADC) inmate, filed this civil rights lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #1) In his original and amended complaints, Mr. Hatton claims that

Defendants Bland, Simpson, and Gibson failed to provide him with adequate medical care, and that Defendant Gibson retaliated against him.

All three Defendants have moved for summary judgment based on Mr. Hatton's failure to fully exhaust grievances against them regarding the claims raised in this lawsuit. (#15, #29) Mr. Hatton responded to the Medical Defendants' motion. (#28) He did not respond to Defendant Gibson's motion, but the time for responding has now passed. Therefore, the motions are ripe for review.

B.  Exhaustion

The Court is obligated to dismiss any claim that was not fully exhausted before the date Mr. Hatton filed his complaint in this case. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory"). There are only a few limited exceptions to this rule.

In support of their motions for summary judgment, all Defendants attach the declaration of Michelle Buterbaugh, the ADC medical grievance supervisor. (#16-3; #29-2) Ms. Buterbaugh testifies that Mr. Hatton filed only one medical grievance during the time period relevant to this lawsuit: VU-19-665. According to Ms. Buterbaugh, Mr. Hatton did not complete the grievance process in VU-19-665; in fact, Mr. Hatton did not

receive a response to this grievance from the health services administrator until November 11, 2019, four days after he filed this lawsuit.

Mr. Hatton does not dispute this evidence; rather, he explains that he did not appeal the response he received to grievance VU-19-665 because he feared that Defendant Bland would retaliate against him. (#28 at p.2) Mr. Hatton's subjective beliefs about the exhaustion process do not excuse his failure to exhaust his administrative remedies. *Lyon v. Vande Krol*, 305 F.3d 806, 808 (8th Cir. 2002). Furthermore, the law is settled that an inmate must complete the grievance process before filing a civil lawsuit.

In addition to relying on Ms. Buterbaugh's declaration, Defendant Gibson also attaches the declaration of Shirly Lowe, the ADC inmate grievance coordinator. (#29-1) Ms. Lowe testifies that, prior to filing this lawsuit, Mr. Hatton did not file any grievance complaining that Defendant Gibson failed to provide him medical care or that he retaliated against him. (*Id*. at pp.2-3) Again, Mr. Hatton has not come forward with any evidence contradicting Ms. Lowe's testimony.

### III.  Conclusion:

The Court recommends that the Defendants' motions for summary judgment (#15, #29) be GRANTED. Mr. Hatton's claims should be DISMISSED, without prejudice, based on his failure to exhaust his administrative remedies.

DATED, this 28th day of February, 2020.

_____
UNITED STATES MAGISTRATE JUDGE